```
                  IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF ILLINOIS
                            WESTERN DIVISION

UNITED STATES OF AMERICA,    )    Docket No.  10 CR 50017
                             )                04 CR 50016
                             )
                  Plaintiff, )    Rockford, Illinois
                             )    Thursday, February 17, 2011
           v.                )    9:00 o'clock a.m
                             )
HAROLD PROPER IV,            )
                             )
                  Defendant. )

                    TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE PHILIP G. REINHARD

APPEARANCES:

For the Government:     HON. PATRICK J. FITZGERALD
                        United States Attorney
                        (308 West State Street,
                         Rockford, IL  61101) by
                        MR. MARK T. KARNER
                        Assistant U.S. Attorney

For the Defendant:      MS. KRISTIN J. CARPENTER
                        FEDERAL DEFENDER PROGRAM
                        (202 W State Street,
                         Suite 600,
                         Rockford, IL  61101)

Also Present:           MS. JENNIFER TABORSKI
                        MS. TERESA BROWN
                        Probation Office

Court Reporter:         Mary T. Lindbloom
                        211 South Court Street
                        Rockford, Illinois  61101
                        (815) 987-4486
```

PDF created with pdfFactory trial version www.pdffactory.com

1  THE CLERK: 10 CR 50017, and 04 CR 50016-1, U.S.A. v.
2  Harold Proper IV.
3  MR. KARNER: Good morning, your Honor. Mark Karner on
4  behalf of the United States.
5  THE COURT: Good morning.
6  MS. CARPENTER: Good morning, your Honor. Kris
7  Carpenter on behalf of Mr. Proper, who is in custody.
8  THE COURT: Good morning. Both of are you here. Are
9  you both ready for sentencing?
10  MS. CARPENTER: Yes, Judge.
11  MR. KARNER: Yes.
12  THE COURT: And I will go over what I have received.
13  First of all, we're just at this point taking up case number
14  10 CR 50017. After I complete that, then we'll take up
15  separately the supervised release violation, which is
16  04 CR 50016.
17  All right. I have the presentence report. I have a
18  sentencing memorandum by the defendant. I have the United
19  States' response to the sentencing memorandum  I have a
20  memorandum from the probation office which attaches letters in
21  support of the defendant, which I have read, and then I also
22  have an addendum to the presentence investigation report which
23  goes over certain objections that were made by the defense and
24  clears up certain typographical errors as it relates to both the
25  offense conduct and Chapter 4 enhancements, essentially the

PDF created with pdfFactory trial version www.pdffactory.com

1  amount, figures got transposed, and also the prior conviction
2  was cannabis and not cocaine.
3         Is there anything else I should have?
4         MR. KARNER: Not that I'm aware of.
5         MS. CARPENTER: No, your Honor.
6         THE COURT: All right. Mr. Proper, I'm going to ask
7  you a couple of questions. You had an opportunity, I take it,
8  to read the presentence investigation report?
9         DEFENDANT PROPER: Yes, sir.
10        THE COURT: And you've discussed that with your lawyer?
11        DEFENDANT PROPER: Yes, sir.
12        THE COURT: And then your lawyer has filed a sentencing
13 memorandum, and you've read that?
14        DEFENDANT PROPER: Yes, sir.
15        THE COURT: And she's not made any objection to the
16 guideline calculations, but has made a request for a downward
17 variance in the sentencing, that is, a lesser sentence than the
18 guideline range, and she's made certain objections to the
19 probation officer, which I just stated about the --
20        DEFENDANT PROPER: Drugs.
21        THE COURT: -- prior conviction, the misstatement
22 there. So, those are the objections that I have before me and
23 you've reviewed. You understand then everything that your
24 lawyer has done and understand the presentence report?
25        DEFENDANT PROPER: Yes, sir.

PDF created with pdfFactory trial version www.pdffactory.com

1         **THE COURT:** Is there any other objection that you have
2 to that report that you know of?
3         **DEFENDANT PROPER:** No, sir.
4         **THE COURT:** All right. There being no objection to the
5 presentence investigation report, I'm going to calculate the
6 guidelines. In addition to that, the probation officer is
7 present.
8         As to the addendum that corrects the factual matters,
9 can you correct those also on the face of the presentence
10 investigation report?
11         **MS. TABORSKI:** I can if you wish, your Honor.
12         **THE COURT:** I think that would be helpful in case the
13 addendum somehow never gets translated into the Bureau of
14 Prisons. I think it's easy enough to do that.
15         **MS. TABORSKI:** It sure is.
16         **THE COURT:** So, do it on the original presentence
17 investigation report.
18         **MS. TABORSKI:** Okay.
19         **THE COURT:** All right. The court will make the
20 following determinations using the November 2010 guideline
21 manual as supplemented. I'm adopting the facts in the
22 presentence report as corrected. Secondly, as to the guideline
23 calculations in the presentence investigation report, I'm
24 adopting those as follows.
25         I'm grouping the two counts that he pled guilty to,

1  Counts 3 and 4, under 3D1.2 and (b) of that subsection.  Under
2  Count 3, the base offense level, 2K2.1(a)(2), because he has two
3  prior felony convictions, there is a 24-level enhancement.
4  Under Count 4 the base offense level under 2D1.1(c)(7) for
5  approximately 612 grams is a 26-level enhancement.  That being
6  the higher, I have given him acceptance of responsibility under
7  3E1.1 for a three-level decrease.
8       Therefore, the total offense level is 23.  However,
9  there are Chapter 4 enhancements because he is a career offender
10 under 4B1.1 and 4B1.1(b)(B), and that is a 34-level enhancement.
11 And he's accepted responsibility under 3E1.1 for the three-level
12 reduction.  Therefore, the total offense level is 31.  He has 16
13 criminal history points for a criminal history category of six.
14 He would have been in category six, anyway, because he is a
15 career offender.
16      Based on those calculations, the guideline range is 188
17 to 235 months.  At this point there's no objections; is that
18 correct?
19      MR. KARNER:  Yes, sir.
20      THE COURT:  And, Ms. Carpenter, is that right?
21      MS. CARPENTER:  Right.
22      THE COURT:  All right.  Then what the court will have
23 to determine is what is the appropriate sentence.  I'm going to
24 allow both of you -- both of you have ably submitted a
25 sentencing memorandum, and I've read the letters.  So, if

1  there's nothing other than lawyers' recommendations and any
2  further elaboration, go ahead.
3          MR. KARNER:  Judge, I'll stand on my sentencing
4  pleading.
5          THE COURT:  All right.  Thank you.
6          Ms. Carpenter.
7          MS. CARPENTER:  Judge, I don't have any additional
8  information to add to my sentencing memo, but we'd just ask that
9  you please consider all of the things that we included in our
10 sentencing memorandum and also the fact that Harold has today in
11 court several family members here to support him
12         THE COURT:  Who's here to support him?
13         MS. CARPENTER:  He has two sisters, a family friend,
14 and then her mother.  So, two family friends and two sisters.
15         THE COURT:  All right.
16         MS. CARPENTER:  And, Judge, taking into account the
17 fact that Harold is not what I would deem and hope the court
18 deems to be a large scale distributor.  We understand the fact
19 that based on the prior convictions that he is a career
20 offender, but we ask you to vary downward based on the
21 substances that were previously distributed, that being
22 marijuana and powder cocaine, and also the amounts, which
23 were -- 3500 grams was the amount of marijuana, and I think it
24 was 2.5 grams was the powder cocaine.  Neither are large scale
25 amounts that would indicate that he's a high level trafficker

1  and thus someone that should be exposed to the 188 months.
2          So, Judge, we're asking that you see that he did make
3  poor choices, that he is human, but that he is redeemable and
4  that he should not be written off, but rather given a sentence
5  that gives him an opportunity to have a positive life after.
6          THE COURT: All right. Thank you.
7          Mr. Proper, you can say anything else in your behalf.
8  Of course, you did appear before me some time ago when I
9  sentenced you on the other case that I'll be considering. Tell
10 me anything that you think will help me. And I want to say
11 this. You're in a tough position.
12         DEFENDANT PROPER: Yes, sir.
13         THE COURT: Because of not only distributing cocaine
14 while you're on supervised release to me for a distribution
15 case, but also a felon in possession, which is serious. So,
16 tell me whatever you want.
17         DEFENDANT PROPER: I just wrote something to you.
18         THE COURT: Okay. Go ahead.
19         DEFENDANT PROPER: First I want to apologize to you,
20 your Honor, for coming back into your courtroom  I'm sorry to
21 the court for letting you all down and not being as strong as I
22 know I can, even though temptation and tempting times.
23         I'm sorry to my family because I know I'm a big
24 influence on them, their lives, and I want them to know I
25 appreciate and thank them for being there for me up to this

PDF created with pdfFactory trial version www.pdffactory.com

1  point and how long ever I get.
2  I want to thank my attorney for her helping me out to
3  the best ability working hard and nights. And I take full
4  responsibility for my actions that I brung on myself, and I am
5  ashamed for letting my loved ones down and myself.
6  The time that you give me today, I plan on using it
7  productively by taking up courses to become better and better,
8  that I can speak to the youths of today to tell them my life
9  story and the danger it can bring them so that they can be a
10  solution instead of a problem
11  Thanks for letting me speak in your courtroom
12  THE COURT: Thank you. And what are you? About
13  30 years old?
14  DEFENDANT PROPER: Yes, sir.
15  THE COURT: All right. The court will now make its
16  sentencing decision. I have, first of all, reviewed the
17  sentencing memorandum by the defendant, and I've also read the
18  letters that have been submitted in support of him, and I've, of
19  course, read the government's recommendation. I've carefully
20  reviewed the presentence investigation report, which gives
21  background and history, as well as his criminal convictions.
22  I've considered what has been stated by the defendant just now
23  and by his lawyer and by the government.
24  The court has a sentencing range of 188 to 235 months.
25  The defense and defendant have asked for a downward variance,

1  and the court, of course, is considering the 3553(a) factors.
2  It goes without saying in looking at the 3553 factors that the
3  criminal history is really pretty bad, and you should understand
4  that.  You have two prior felonies of drug distribution.  And I
5  would agree with defense counsel that you're not a major dealer,
6  mid-level at best, although you're not part of an organization.
7  And you have one prior felony conviction for being a felon in
8  possession.
9           You also have -- in terms of the criminal history
10 factor, you have ten driver's license violations with driving
11 without a valid license, and while that's insignificant in terms
12 of the felony convictions, it's significant to me that it's just
13 a conscious disregard for laws.  And when you drive without a
14 license, you can endanger the lives of other persons.
15          So, in looking at the history and characteristics of
16 Mr. Proper, it's very difficult for me to say that there's much
17 good in terms of your background.  That doesn't mean you're a
18 bad person.
19          **DEFENDANT PROPER:**  Yes, sir.
20          **THE COURT:**  It simply means that you consistently
21 violated the laws.
22          As far as the nature and circumstances of this offense,
23 there are two offenses, and being a felon in possession of a
24 firearm is serious, as well as the distribution of cocaine,
25 although, again, not a high amount.

PDF created with pdfFactory trial version www.pdffactory.com

1   The court also has to look at the need to impose the
2   sentence. I have to reflect the seriousness of the offense.
3   And, of course, both offenses -- and this is a subsequent drug
4   distribution case, and it's also the second time you've been
5   convicted of being a felon in possession. So, I have to impose
6   a sentence that I think will deter you and protect the public.
7   And I've looked at the kinds of sentences that are
8   available, and I've also looked carefully at the reasons that
9   defense counsel has cited for a lower violation. And in looking
10  at those, you did lead a difficult childhood. Unfortunately,
11  that's typical of what I see. If I see an educated person, he's
12  usually committed a financial crime.
13  **DEFENDANT PROPER:** Yes, sir.
14  **THE COURT:** I've looked at the domestic violence that
15  was in your past against -- you know, a home where that
16  occurred. I've looked at that you've got some mental health
17  problems, and hopefully you can address those while you're in
18  the Bureau of Prisons. I've looked at the letters, the support
19  that you've gotten, and I think that's good. I just hope that
20  while you're in the Bureau of Prisons your relatives will
21  continue their interest in you.
22  I've also looked at the other drug offenses have not
23  been major ones, and I've looked at the fact that you did have
24  some employment. I guess it was with the Coronado Theater in
25  town and also the Metro Center.

PDF created with pdfFactory trial version www.pdffactory.com

1  **DEFENDANT PROPER:** Yes, sir.

2  **THE COURT:** Looking and considering everything and
3  balancing the 3553(a) factors, I don't think this court would be
4  following those requisites and the factors under 3553(a) to give
5  you a downward variance with the fact of all of what I've said
6  and that you have consistently -- at least in the state court,
7  you were given probation, and you had it revoked for felonies,
8  and then you commit this offense while on felony supervised
9  release. There's just no way that I could do that, particularly
10 when you're a felon in possession of a firearm Therefore, the
11 court is not going to give a downward variance.

12 In looking where to sentence you within the guidelines,
13 the government has recommended the high end of that. I've
14 evaluated that. I've looked at what sentence I'm going to
15 eventually give you for your supervised release violation, and
16 the court is going to give you the following sentence that I
17 think is appropriate.

18 On Count 3, which is the felon in possession of a
19 firearm, I'm sentencing you to 120 months. On Count 4, which is
20 the distribution of cocaine, which carries a higher maximum, the
21 court is sentencing you to 204 months. That will be run
22 concurrent with the other. So, what that means is that the tops
23 on that is 204 months. The government's recommendation might be
24 justified, but I see some good in you. And, therefore, it's a
25 long sentence besides. That is the sentence of imprisonment.

PDF created with pdfFactory trial version www.pdffactory.com

1  And you made a request -- did you make a request as to
2  where I might recommend that he be designated to?
3  MS. CARPENTER: I didn't. I have just spoken to him
4  about it, and -- Greenville.
5  THE COURT: To be closest to --
6  DEFENDANT PROPER: Greenville or Oxford.
7  THE COURT: I will recommend that he be designated to
8  Greenville or the BOP facility in Oxford, Wisconsin, to be
9  closest to his home.
10  I will also recommend that he have a mental health
11  evaluation and treatment, if necessary. I will also -- I don't
12  know if you -- I've just forgotten. I've got a number of other
13  sentencings today. But did he have a drug problem?
14  MS. CARPENTER: I don't believe so.
15  DEFENDANT PROPER: No.
16  THE COURT: Okay. When you were in before, meaning on
17  the other case, did you go through either the 40-hour --
18  DEFENDANT PROPER: I went through the 40-hour.
19  THE COURT: All right. Do you think that would help to
20  go through it again?
21  DEFENDANT PROPER: Yeah.
22  THE COURT: I'll recommend that he go through the
23  40-hour drug program  I think it helps you beyond just drugs.
24  DEFENDANT PROPER: Yes, sir.
25  THE COURT: All right. The rest of the sentence is

PDF created with pdfFactory trial version www.pdffactory.com

1    that he will be sentenced to three years' supervised release on
2    Count 3 and six years' supervised release on Count 4, and that
3    shall be run concurrent.
4            I'm going to impose a $100 fine on each count and a
5    $100 special assessment on each count. So, each of those totals
6    $200. I have imposed the fine, which is below the guideline
7    level, but he has the ability to work, and it will keep you
8    occupied.
9            As to the conditions of his supervised release, once he
10   is released, there will be the standard written conditions and
11   the following special conditions. One, he cannot drive without
12   a valid license. And I'm very serious about that.
13           **DEFENDANT PROPER:** Yes, sir.
14           **THE COURT:** And as to the -- if there is any unpaid
15   balance to the fine that I've imposed, that shall be paid within
16   the first year of supervised release.
17           I'm going to recommend that he have drug and mental
18   health aftercare under the direction of the probation officer
19   once he's released. This is his third drug conviction of
20   distribution, and I'm going to deny him federal benefits under
21   Section 862 for a period of 20 years.
22           That's the sentence. There's an 11(c)(1)(A) agreement
23   that I would accept. Does the government move to dismiss
24   Counts 1 and 2 then?
25           **MR. KARNER:** Yes, your Honor.

PDF created with pdfFactory trial version www.pdffactory.com

1  THE COURT: That shall be granted. Is there anything
2  else on the sentence other than the advice of the appeal rights?
3  MS. CARPENTER: Judge, I just didn't catch the amount
4  of the fine.
5  THE COURT: One hundred on each count.
6  MS. CARPENTER: And then also a $200 special
7  assessment?
8  THE COURT: And the same $100 special assessment on
9  each.
10  MS. CARPENTER: Thank you. Okay.
11  THE COURT: All right. Mr. Proper, you have a right,
12  even though you pled guilty, to appeal the sentence and appeal
13  if I've made any other errors that haven't been waived by your
14  plea of guilty, and what that means is that you have 14 days to
15  file a notice of appeal, and you should first talk to your
16  lawyer about that. And if you decide to have a notice of appeal
17  filed, then you can file it, you can ask the Clerk to file it,
18  or you can ask your lawyer to file it. And if it is filed, she
19  will remain your counsel on appeal because you were indigent.
20  But you must understand that that decision must be made by you
21  as to whether you're going to appeal --
22  DEFENDANT PROPER: I'm going to appeal it.
23  THE COURT: -- in the next 14 days.
24  DEFENDANT PROPER: Yeah.
25  THE COURT: All right. We'll proceed on to the next

1  case, which is 04 CR 50016. And you're prepared to proceed on
2  that, Mr. Karner?
3      MR. KARNER: Yes, sir.
4      THE COURT: And Ms. Carpenter?
5      MS. CARPENTER: Yes, sir.
6      THE COURT: And you're prepared, as well?
7      DEFENDANT PROPER: Yes, sir.
8      THE COURT: All right. The materials that I have are
9  basically the violation of supervised release that he's already
10 admitted to is really the offense that I just sentenced him for
11 in 10 CR 50017. He's admitted to these, and, therefore, I find
12 the following. It's a Grade A violation. That's the highest
13 one. His prior criminal history was six. And, therefore, the
14 advisory guideline range is 33 to 41 months. The maximum term
15 of imprisonment is 48 months, which is 24 months on each count.
16 The maximum term of supervised release is 36 months.
17     So, the way we'll proceed is I'll listen to what the
18 probation officer has to say, what Mr. Karner has to recommend,
19 and what the defense counsel has to recommend and then the
20 defendant. Go ahead.
21     MS. BROWN: Your Honor, we stick with our main
22 recommendation in the special report dated March 11th, that
23 being 33 months' incarceration to be run consecutive to the
24 sentence imposed in the new federal case.
25     THE COURT: All right. And I might just state this,

PDF created with pdfFactory trial version www.pdffactory.com

1  that the court acknowledges that the guideline range is advisory
2  and that the court has the options of sentencing him -- and,
3  obviously, if I haven't revoked it, I am revoking it.  I might
4  have revoked it at the time, but if not, I'm revoking it.  And
5  the sentence that I impose, it's recommended under the
6  guidelines that it be consecutive.  I could make it all
7  consecutive, all concurrent, or part of each.
8            So, with that, Mr. Karner.
9            MR. KARNER:  Judge, we'll just stand on our pleading.
10           THE COURT:  All right.  Go ahead.
11           MS. CARPENTER:  Your Honor, Mr. Proper acknowledged in
12  his statement to the court that he's let the court down with his
13  criminal conduct, and that's what he's to be sentenced on the
14  revocation for.  So, Judge, we'd hope that you took that into
15  account when you were sentencing him on the previous case and
16  that any sentence imposed for this conduct would be concurrent
17  and that it's the same exact conduct, and he does regret and
18  show remorse for his actions that bring him before the court
19  today.
20           THE COURT:  All right.  Just a second.  I'll let --
21     (Brief pause.)
22           THE COURT:  All right.  Go ahead.  Pretty much said it?
23  Or if you have anything else, I'll listen to you.
24           DEFENDANT PROPER:  No, that's basically it.  She summed
25  it up.

PDF created with pdfFactory trial version www.pdffactory.com

1  THE COURT: All right. Thank you.
2  Well, I've already said what I've considered in terms
3  of what the guideline range is, that it's advisory, and, of
4  course, the court must consider the policy statements that are
5  made in Chapter 7. They're not binding, but they are strong
6  considerations. And that recommends a consecutive sentence.
7  Of course, the court must consider the 3553(a) factors,
8  and I am considering those factors. I've already said --
9  basically what I've said as far as the 3553(a) factors as it
10 relates to the 10 CR 50017 apply equally here in his revocation
11 hearing.
12 You know, I -- and a couple other things that I want to
13 note. That these violations that you committed were only a
14 couple of months after you were released from the Bureau of
15 Prisons. I also brought you before me on December 23rd of 2009
16 and talked to you and told you that if there was a violation
17 that there would be consequences, and I had hoped that you could
18 straighten around. There's always a reason why people don't
19 straighten around, and I know there are some problems that you
20 had with I think it was somebody you were going with.
21 DEFENDANT PROPER: Yes, sir.
22 THE COURT: In any event, even though it's the same
23 conduct that I just sentenced you for that are the basis for the
24 revocation, you violated the trust, and it was soon afterwards
25 that you were released from the Bureau of Prisons, and these are

1  essentially the same offenses as the original convictions that
2  arose in this particular case, a felon in possession and
3  distribution of drugs.
4  　　　　　I don't have any justification for a concurrent
5  sentence or partially concurrent sentence.  I think I would be
6  justified in sentencing you to the full 48 months.  I'm not
7  going to do that.  I'm going to sentence you according to the
8  recommendation of the probation officer, which is the minimum
9  under the guidelines, and that sentence shall be 33 months in
10 the Bureau of Prisons to be run consecutive to the sentence that
11 I imposed in 10 CR 50017.  Specifically, it will be 24 months on
12 Count 3 to be consecutive to nine months of imprisonment on
13 Count 5, for a total consecutive sentence of 33 months, and
14 those, as I say, they're consecutive with each other and
15 consecutive to the 10 CR 50017.
16 　　　　　I'm not going to impose any supervised release on this
17 one because you're already on supervised release.  The only
18 benefit you get out of that is that you don't have to pay the
19 $120 fine that was still existing and the $120 buy money.
20 　　　　　With that, is there any question about the sentence?
21 　　　　　MR. KARNER:  Not from us, Judge.
22 　　　　　MS. BROWN:  Your Honor, there was a violation number
23 five, the defendant drove without a valid driver's license.  Is
24 that dismissed at this time?
25 　　　　　THE COURT:  I think he admitted that.

PDF created with pdfFactory trial version www.pdffactory.com

1  MS. CARPENTER: We admitted that.

2  MS. BROWN: So, all violations.

3  THE COURT: This is on -- he did admit that. I've now
4  entered judgment, and the judgment is the 33 months in the
5  Bureau of Prisons consecutive to be served as I've indicated.

6  Now, you also have a right to appeal that decision.
7  And, again, you must file a notice of appeal within 14 days, and
8  you can file a notice of appeal, your lawyer can file it, or you
9  can ask the Clerk of the Court to file it. First talk to your
10 lawyer and then determine that. If you don't file a notice of
11 appeal within that period of time, you lose your right to
12 appeal. Finally, she will remain your counsel on appeal if you
13 file a notice of appeal.

14 Anything else?

15 MR. KARNER: No, sir.

16 THE COURT: All right. Mr. Proper -- and I'm speaking
17 to his friends and relatives -- this is a tough sentence. It's
18 almost, I guess, 20 years, but with good behavior you'll be out.
19 You'll learn some things. Make the best of it. That's all.
20 Good luck.

21 MS. CARPENTER: Thank you.

22 (Which were all the proceedings had in the above-entitled
23 cause on the day and date aforesaid.)

24
25

PDF created with pdfFactory trial version www.pdffactory.com

1   I certify that the foregoing is a correct transcript from

2   the record of proceedings in the above-entitled matter.

3

4

    _____

5   Mary T. Lindbloom
    Official Court Reporter

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

PDF created with pdfFactory trial version www.pdffactory.com